JS-6 United States District Court, Northern District of Illinois (8)

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 8289 | DATE | 12/2/2002 |
| CASE TITLE | Larry Darnell McCall-Bey vs. P. Kirner etc. et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, plaintiff's application to proceed in forma pauperis is denied and his claim is dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 03 | |
| | Notified counsel by telephone. | | date docketed | 4 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | WAH | courtroom deputy's initials | 02 DEC -2 PM 1:48 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LARRY DARNELL McCALL-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 02 C 8289 |
| ) | |
| P. KIRNER, #1465; R. REMPAS, #14567; ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Larry D. McCall-Bey brings this complaint against defendants Ron Rempas and Paul Kirner, Chicago police officers, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983, arising from an arrest for possession of a controlled substance on November 1, 2001. Along with his complaint plaintiff filed an application to proceed *in forma pauperis* Plaintiff's application is denied and his claim is dismissed.

Under 18 U.S.C. § 1915(a) the court may authorize a plaintiff to proceed *in forma pauperis* if he is unable to pay the prescribed court fees. Plaintiff's affidavit states that he has not been employed since October 2000, and that he has no money in any accounts or ownership of valuable possessions. Based on his affidavit, we find that plaintiff has established his inability to pay the court fees.

However, our inquiry does not end here. Section 1915 requires us to conduct an initial review of plaintiff's claim and dismiss the action if we find that it is frivolous or malicious, fails to state a claim, or seeks damages from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); <u>Alston v. Debruy</u>, 13 F.3d 1036, 1039 (7th Cir. 1994). In determining

whether plaintiff states a claim, we apply the same standard as though this were a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).

Plaintiff's complaint alleges that his civil rights, as protected by both the Fourth Amendment and 725 ILCS 5/107-2, were violated when he was arrested by defendants on charges of possession of a controlled substance, because the officers arrested him without any reason to believe that he was committing a crime at the time of his arrest. As a result of this arrest plaintiff was convicted of possession of a controlled substance on June 17, 2002, and sentenced to a prison sentence on August 9, 2002.

While an arrest without probable cause may be grounds for a civil rights claim, we must also determine whether the defendants are immune. 28 U.S.C. § 1915(e)(2)(B). In a wrongful arrest claim a police officer has qualified immunity, making him immune from damages if the officer either had probable cause or could have reasonably mistakenly believed that probable cause existed. Humphrey v. Staszak, 148 F.3d 719, 725 (7th Cir. 1998). Plaintiff attaches and refers to the arrest report filed by defendants as part of his complaint (Exh. A), which we may consider as part of this review. See Rosenblum v. Travelbyus.com Ltd., 299 F.3d 657, 661 (7th Cir. 2002) (holding that courts may review contract when deciding motion to dismiss if plaintiff attaches document and refers to it in the complaint). In this report we note that defendants saw plaintiff with what they believed to be "suspect narcotics," which would be enough to give the officers probable cause for the search. Because plaintiff never contradicts this assertion by defendants, he effectively "pleads himself out of court." See McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000).

Even if plaintiff could overcome defendants' qualified immunity, he could not state a

civil rights claim under § 1983 because he cannot demonstrate a constitutional injury. While a plaintiff who was convicted of a crime may bring a suit for damages even if the search produced evidence that was used in a conviction of plaintiff that has not been overturned, he must show an injury in order to do so. Heck v. Humphrey, 512 U.S. 477, 487 n.7 (1994). The Supreme Court has determined that it is not an "actual, compensable injury" for plaintiff to be convicted and imprisoned unless and until this conviction is overturned. *Id.* Plaintiff here does not even assert that he made any attempt to have the conviction overturned, only that he suffered damages from his imprisonment and therefore fails to state a claim.

Finally, we note that plaintiff has filed numerous claims in this court arising from past arrests and imprisonments, including a claim against these defendants (along with two other officers), which is still pending in this court. *See* McCall-Bey v. Kirner, 01-C-8134 (N.D. Ill. 2001). While a § 1983 wrongful arrest claim is not frivolous by nature, we are reluctant to allow the plaintiff to proceed without costs where there is the possibility for abuse of the system.

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is denied and his claim is dismissed without prejudice.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 2, 2002.